AFFIRM; Opinion Filed October 31, 2012.



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-11-00149-CR

## DEMARIUS DWIGHT CUMMINGS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 7
Dallas County, Texas
Trial Court Cause No. F08-24666-Y

# MEMORANDUM OPINION

Before Justices Moseley, Fillmore, and Myers
Opinion By Justice Myers

Demarius Dwight Cummings appeals his conviction for capital murder. After the jury found appellant guilty, the trial court sentenced him to life imprisonment without parole. *See* TEX. PENAL CODE ANN. § 12.31(a)(2) (West 2011). Appellant brings one issue on appeal contending the evidence is insufficient to prove he had the intent to commit murder. We affirm the trial court's judgment.

## BACKGROUND

On the night of July 18, 2008, appellant and his friend, James Broadnax, discussed committing a robbery to obtain money to travel to Texarkana. Appellant took his aunt's AK-47 and

used it to borrow a handgun. Appellant Broadnax then took the train from Dallas to Garland to find someone to rob. As appellant and Broadnax walked around downtown Garland, they came across Stephen Swan and Matthew Butler who were standing outside a recording studio. Appellant and Broadnax talked to Swan and Butler about music and the record business for about thirty to forty-five minutes, and appellant and Broadnax walked away. By this time, it was past midnight, the trains and buses were no longer running, and appellant and Broadnax had no money and no way to get back to Dallas. They decided to go back and rob Swan and Butler and take Swan's car. Appellant told Broadnax, who had the gun, that he might have to "pop" them a few times, but Broadnax told appellant he did not want to do that. They decided appellant would distract the men by asking for a cigarette and Broadnax would pull out the gun to rob them. When they returned to the recording studio, Swan and Butler were still there. Appellant asked for a cigarette, and Broadnax pulled out the gun and fired two shots at Swan and four shots at Butler. As Swan lay on the ground bleeding to death, appellant went through Swan's pockets and took his wallet and car keys. Appellant and Broadnax then drove away in Swan's car, a Ford Crown Victoria. Swan and Butler died from their injuries.

Appellant and Broadnax returned the handgun to its owner and the AK-47 to appellant's aunt. They removed the Ford's license plates and replaced them with plates from a Cadillac. After appellant pawned some tools they found in the car, they drove to Texarkana.

In Texarkana, a police officer ran the license-plate number on the Ford through the computer and learned the plates were registered to a Cadillac. The officer performed a traffic stop and arrested appellant and Broadnax on outstanding misdemeanor warrants. When the officer entered the Ford's VIN number on the computer, he learned the car was involved in a double homicide in Garland. The officer contacted the Garland police, who traveled to Texarkana and brought the men to Garland.

Garland Police Detective Gary Sweet interviewed appellant, who denied any involvement in or knowledge of the robbery and murders. Detective Sweet told appellant it would help appellant if he cooperated and showed remorse, but appellant invoked his right not to answer further questions. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 2(a)(5) (West 2005). On June 23, 2008, appellant gave interviews to three television stations discussing the facts of the offense.

## MURDER

In his sole issue on appeal, appellant contends the evidence is insufficient to prove he had the requisite intent to commit murder. In reviewing a challenge to the sufficiency of the evidence, we examine all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011). We are required to defer to the fact finder's credibility and weight determinations because the fact finder is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See Jackson*, 443 U.S. at 326.

The jury charge instructed the jurors under section 7.02(b) of the Penal Code, which provides,

> If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, *though having no intent to commit it*, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy.

TEX. PENAL CODE ANN. § 7.02(b) (West 2011) (emphasis added).[1] When the jury is instructed on

---

[1] The trial court charged the jury under section 7.02(b) as follows:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 19th day of June, 2008, in Dallas County, Texas, the defendant, DEMARIUS CUMMINGS, entered into a conspiracy with James Broadnax to commit the felony offense of robbery, and that in the attempt to carry out this conspiracy, if any, if [sic] James Broadnax did intentionally cause the death of STEPHEN SWAN, an individual, by shooting the said STEPHEN SWAN with a firearm, a deadly weapon, and if you

conspirator liability, the State is not required to prove the defendant intended to kill the victim; instead, the State must prove the murder was foreseeable. *Id.*; *Whitmire v. State*, 183 S.W.3d 522, 526 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd). Appellant asserts the evidence was insufficient to prove he should have anticipated the murder of Swan as a result of the carrying out of the conspiracy to rob him.

Appellant argues the evidence was insufficient because in the television interviews, appellant stated that Broadnax had not killed anyone before, that Broadnax said he did not want to shoot anyone, and that he knew Broadnax and it was not in Broadnax's heart to shoot anyone. The evidence shows appellant took his aunt's AK-47 and used it to borrow a handgun from someone. When appellant and Broadnax decided to rob the victims, appellant told Broadnax he might have to "pop," i.e., shoot, the victims a few times.[2] Broadnax said he did not want to shoot anyone but that he thought one of the men had a gun. Appellant said, "I don't know, but we can just find out or whatever." This evidence shows appellant knew Broadnax was carrying a handgun and knew it was loaded. Appellant's telling Broadnax he might have to shoot the victims a few times shows appellant should have anticipated that Broadnax might shoot and kill the victims. *Cf. Davis v. State*, 276 S.W.3d 491, 497 (Tex. App.—Waco 2008, pet. ref'd) (evidence supported finding defendant anticipated murder when defendant supplied loaded weapons and discussed the possibility of gun violence).

After reviewing all the evidence in the light most favorable to the verdict, we conclude a reasonable juror could find beyond a reasonable doubt that appellant should have anticipated

---

further find that intentionally causing the death of STEPHEN SWAN was committed in furtherance of the unlawful purpose to commit robbery and should have been anticipated as a result of carrying out the conspiracy to commit robbery, whether or not the defendant, DEMARIUS CUMMINGS, had the intent to cause the death of STEPHEN SWAN, then you will find the defendant, DEMARIUS CUMMINGS, guilty of capital murder . . . .

[2] One of the definitions of "pop" is "to fire at" or "shoot." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1765 (1981).

–4–

Broadnax shooting and killing Swan. We overrule appellant's sole issue.

We affirm the trial court's judgment.

_____
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
110149F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DEMARIUS DWIGHT CUMMINGS, Appellant

No. 05-11-00149-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 7 of Dallas County, Texas. (Tr.Ct.No. F08-24666-Y).

Opinion delivered by Justice Myers, Justices Moseley and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 31, 2012.

_____
LANA MYERS
JUSTICE